**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION**

ALEATHER ADAMS and JAMES ALLEN,    CASE NO.: 9:20-cv-82209

    Plaintiffs,

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

**DEFENDANT WAL-MART STORES EAST, LP' S NOTICE OF REMOVAL**

Defendant WAL-MART STORES EAST, LP ("Defendant"), through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 15th Judicial Circuit Court in and for Palm Beach County, Florida, Case No. 2020-CA-011637, with full reservation of rights, exceptions and defenses, and in support thereof state:

### I.  FACTUAL BACKGROUND

1. On or about October 24, 2020, Plaintiff commenced this action by filing a Complaint against Wal-Mart Stores East LP in the 15th Judicial Circuit Court in and for Palm Beach County, Florida. *See* Pl.'s Compl. attached as **Exhibit A**.

2. The Complaint was served on November 2, 2020. *See* Service of Process attached as **Exhibit B**.

3. On November 6, 2020, Wal-Mart Stores East, LP filed its Answer and Affirmative Defenses to the Complaint.

CASE NO.: 9:20-cv-82209

4. Plaintiff Aleather Adams alleges a claim for negligence against Defendant as a result of injuries she allegedly sustained on February 11, 2020 while on the property located at 101 N. Congress Avenue, Lake Park, Florida. *See* Ex. A at ¶¶ 4,5.

5. Specifically, Plaintiff Aleather Adams alleges she fell on a "foreign substance." *Id.* at ¶6.

6. Plaintiff Aleather Adams alleges that Defendant breached its duty by creating the dangerous condition and by failing to correct it, adequately inspect the premises, warn of the dangerous condition and letting it exist on the premises for such a length of time that Defendant knew or should have known of its existence. *Id.* at ¶9.

7. Plaintiff James Allen asserts a loss of consortium claim. *Id.* at ¶12.

8. Plaintiffs allege that they are residents of Palm Beach County, Florida. *Id.* at ¶¶ 2,3.

9. On or about July 23, 2020, prior to filing the instant lawsuit, Plaintiffs submitted a pre-suit demand letter which indicated that she suffered injuries to her cervical and lumbar spine as a result of the incident. Based on Plaintiff Aleather Adams' alleged injuries and medical bills incurred, Plaintiffs offered to settle the claim for $500,000.00. *See* Pre-Suit Demand Letter attached as **Exhibit C**.[1]

10. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

---

[1] Defendant has not filed the entire complement of medical records which Plaintiff Aleather Adams submitted with her pre-suit demand letter in order to protect her personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Defendant will provide them for an *in camera* inspection.

CASE NO.: 9:20-cv-82209

11. Defendant attaches and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 15th Judicial Circuit in and for Palm Beach County together with a docket sheet from the Clerk of the Court. *See* attached as Composite **Exhibit D**.

12. Defendant reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

13. In accordance with 28 U.S.C. § 1446(b)(1), Defendant files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on November 2, 2020 when Defendant was served with a copy of the Complaint.

14. Prior to filing the Complaint, Plaintiffs sent Defendant a written pre-suit demand outlining Plaintiffs' claimed damages inclusive of actual medical expenses in connection with the February 11, 2020 alleged incident.

15. Venue exists in the United States District Court for the Southern District of Florida, Palm Beach Division, because the 15th Judicial District in and for Palm Beach County, where Plaintiffs filed the state court Complaint is located in Palm Beach County Florida, which is located within the United States District Court for the Southern District of Florida, Palm Beach Division.

## III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

16. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

    A.    **Citizenship of Plaintiffs ALEATHER ADAMS and JAMES ALLEN**

CASE NO.: 9:20-cv-82209

17. Plaintiffs are residents of Palm Beach County, Florida. *See* Ex. A at ¶¶ 2,3. Although Plaintiffs' Complaint does not specifically state Plaintiffs' citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

18. Here, Plaintiffs allege that they are residents of Palm Beach County, Florida. *See* Ex. A at ¶¶ 2,3. Plaintiffs' Palm Beach County, Florida residence is prima facie evidence of their domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

B. **Citizenship of WAL-MART STORES EAST, LP**

19. At the time of the alleged incident, and currently, Walmart Stores East, LP, is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (fka Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc. The principal place of business for all entities mentioned is Bentonville, Arkansas. At no time material has Wal-Mart Stores East, LP, or its general or limited partners, been a citizen of Florida. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as **Exhibit E**.

**IV. AMOUNT IN CONTROVERSY**

20. The amount in controversy exceeds $75,000.00. Although Plaintiffs' Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, it is clear from Plaintiffs' pre-suit demand that their claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of

CASE NO.: 9:20-cv-82209

establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

21. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

22. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

23. The relevant portions of Plaintiffs' itemized and specifically detailed pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Plaintiffs' July 23, 2020 pre-suit demand letter estimates damages in the instant matter to be at least $500,000.00. *See* Ex. C. In addition to Plaintiff Aleather Adams' alleged medical condition, the Complaint alleges that her working ability is impaired, the injuries are either permanent or continuing in nature and that will suffer losses and impairment in the

CASE NO.: 9:20-cv-82209

future. *See* Ex. "A" at ¶11. Plaintiff's husband James Allen also asserts a claim for loss of consortium.

24. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

25. For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiffs' pre-suit demand letter in this case, it was based on medical records provided by the plaintiff. *Id.*

26. Here, Plaintiffs' pre-suit demand letter which estimates Plaintiffs' damages to be $500,000.00 is an honest assessment of their claimed damages as it is based on the following:

    a. Plaintiff Aleather Adams' past medical bills

    b. Future medical care. *See Katz,* 2009 WL 1532129 at 4.

    c. Lost wages

    d. Pain and suffering and

    e. Loss of consortium

27. This evidence demonstrates the Plaintiffs' claimed damages in the instant case far exceed $75,000.00. Accordingly, Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

CASE NO.: 9:20-cv-82209

## V. CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Defendant will promptly give written notice to Plaintiffs, through their attorneys of record, and the Clerk of the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida.

WHEREFORE, Defendant WAL-MART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2020-CA-011637, on the docket of the Court for the 15th Judicial Circuit in and for Palm Beach County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Palm Beach Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Defendant is entitled.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:  */s/ Christine M. Manzo*
     CHRISTINE M. MANZO
     Florida Bar No. 52121
     CAROLINA M. QUINTANA
     Florida Bar No. 96935
     NICHOLAS G. NEVILLE
     Florida Bar No. 123893

CASE NO.: 9:20-cv-82209

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of December, 2020, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF and will send a notice of electronic filing to the following: **Sara B. Schafer, Esq.,** (efile@injuredinflorida.com), The Schiller Kessler Group, PLC, *Attorneys for Plaintiff*, 7501 West Oakland Park Blvd., Fort Lauderdale, Florida 33319.

*/s/ Christine M. Manzo*
CHRISTINE M. MANZO